May it please the Court, Counsel, and Mr. Rodriguez, my name is Michael Kennedy and I'm here for Ulrick Rodriguez. There is a single issue on for the Court. The single issue is the District Court, originally under Rule 32i, in a very disputed matter, the citizenship of Mr. Rodriguez and whether he was being honest about it, he indicated at an August 1st hearing that he was not going to resolve that dispute and his original announcement was that it would not have any bearing in sentencing. There was a specific objection made to not only the substance of the PSI, where it stated the conflict in paragraphs 35 and 36, but more importantly today, the sentencing recommendation of the probation office at the high end, which was the only party seeking the high end, included that information as a basis for imposing the 37-month high-end sentence. Twenty-two days later at the sentencing hearing on August 22nd, the District Court, as part of the reasons, not the sole reason, but as part of the reasons for rejecting the 27-month sentence argued by defense counsel and imposing the 37-month sentence sought by the probation office, after government counsel said any sentence inside the guidelines would be okay by Mr. Reed making that argument, the Court specifically adopted and incorporated the disputed facts. The thing that confused me, because the argument, I guess, was that it was a violation of Rule 32. But the District Court actually complied with Rule 32. It resolved the ‑‑ it addressed the dispute issue by saying I'm not going to rely on it. And it even had its ruling attached as required under Rule 32. Then it violated, you know, per hypothesis, it violated its own order. But I'm not sure that that means it didn't comply with Rule 32. It seems like it complied with Rule 32, and then it was inconsistent with its own order. So do we have a Rule 32 violation, or what we have is an error by the District Court? Well, I believe we began with a correct ruling under Rule 32. So it complied with Rule 32. Then there was a later error. So there was an error. And did defense counsel raise that error to the District Court? The timing of when the judge relied upon it was in the announcement of sentence. It was discussed during her arguments that given the disputed facts, Mr. Rodriguez would be treated more harshly by the Bureau of Prisons. He wouldn't be eligible for early release. And all the arguments that were made in the Satern case that is the Court's ruling. But then when announcing it, it was part of its justification. But this seems different because, you know, we have the cases where the defense counsel says, here's my objection. And the District Court said, well, here's how I'm going to resolve it. I'm not going to, I don't care about it. And moves forward. And then it doesn't have to renew the objection. But here the District Court had ruled. And so I'm not sure that our case law is on point to say that defense counsel, when it identifies an inconsistency in the District Court's own ruling, doesn't have to raise it to the Court's attention. I believe that we cited the Fourth Circuit case where it said that an individual would not have to object. We had a conceded. But that was a different situation, right, where he had raised the objection, the District Court had determined that it wasn't going to accept the objection, ruled, and then the defense counsel didn't have to renew his objection. But this wasn't a renewal issue. This was an inconsistency with the Court's own order. Well, actually, I believe it was a renewal in that there was an objection, both in the sentencing memorandum to the specific facts. There was an objection raised at the initial hearing. And the District Court ruled. Correct. But then it contradicted its ruling. Right. So I believe it's a contradiction. So your argument is, even though the District Court said it resolved the Rule 32 issue by not relying on the disputed information, it in fact failed to comply with Rule 32 because even though it said it wasn't going to rely on the disputed information, it in fact did rely on that. Precisely because it was the only party arguing that 37 months was appropriate, that the paragraphs that justified it in paragraph 61 was he's not a U.S. citizen, that's one reason to give him the 37 months. He's being dishonest about it. That's another reason to give him 37 months. And specifically in paragraph 62, which was incorporated, the analysis as to why the supervised release term should be three years is to give him incentive to remain in Mexico. When the facts were on these disputed facts that he had been in Nevada State Prison twice, no one had ever sought to deport him. He had been in California before. No one ever sought to deport him. There was no ICE action against this individual. He had been in Reno all this time. And so he very much disputed it, saying, I was born in Los Angeles. Here are my parents. I'm a U.S. citizen. And in fact, he was handed the supervised release conditions in Spanish, and his lawyer said, he's an American citizen. He doesn't read Spanish. Can he have an English copy? Everything about where the placement was. And the only other fact that was really mentioned is this is a felon possession case with no specific offense characteristics and no increase in the base offense level. It was the lowest level, level 14, indicating that he was not exactly the most serious person that is seen in these types of cases. Counsel, it sort of appears as if the district court threw in the justifications kind of as an afterthought. Does that affect your argument at all? It does not, because the cases that I relied upon in this court, Garfield, Houston, and Carter. In the Houston case, when the argument was the government was sort of speculating or guessing, the court said it best, I think. It said, game show contestants, guess. Applying the law and doing sentencing, you should not. So he specifically incorporated those paragraphs, which were the really only arguments being made as to why the 37 months should be imposed, rather than a below guideline 27 months. The difficulty with your argument is he did that after he had already imposed the sentence and stated the reasons why. Then he said additional justifications. So even without incorporating those, he had already articulated the reasons for the sentence. I would agree that he was 80 percent through, but I believe that those additional reasons were right in the same area. It just went to his last reasons. Other additional reasons, I specifically incorporate the comments and what is in paragraph 61 and 62. So I do not argue that it was the only basis, but it was part of. And the other basis is just aren't very strong in this case. What do you think our standard of review is? It should be de novo, because there was an objection made in the sentencing memorandum. There was an objection made at the sentencing hearing. The judge indicated how he was going to deal with it, and then in pronouncing sentence after all the objections are done, all the arguments are done, at the tail end after he's indicated it's 37 months, he contradicted himself and relied on something that's a violation of Rule 32. But we would have to say that the defense counsel had no obligation to object at that point. At that point, no. As the Fourth Circuit case says — But you're relying on the cases of where the objection was overruled by the district court, and then he didn't have to renew his objection. I guess I'm still struggling with that a bit. What's the best case that's closest to this, where the district court ruled in favor in the essence of the defense counsel and then made a mistake in contradiction to its ruling? The Houston case is probably the closest in this court's because it was whether there was an express threat of death, and the government's argument was there were two objections to it. One, whether it was made by the defendant and whether the words themselves constituted the threat of death. And the government said, well, the court must have understood that Houston made the statement, otherwise he wouldn't have imposed the two levels. And your court said, no, we have to reverse and remand because Rule 32 requires strict compliance. We're not going to guess about the district court. I thought that was where the district court failed to resolve the dispute, whereas here the district court did resolve the dispute, it just forgot. In Houston, it resolved the dispute to the adverse, to the defendant. And then it was a question as to whether there was a reversal because it did apply the two levels. And there was a question about whether there were two different arguments. Judge Hook has a question. The difficulty that I have with your argument is that this judge said emphatically that the citizenship of the defendant would make no difference whatsoever to him. He then also pointed out that the defendant had a serious criminal record. He was found with a loaded pistol, and the district court said he was a very dangerous man. And therefore sentenced him to the high end of the guidelines. But it seems like he's taken care of all those things. He did say those things, Your Honor. In addition, he relied on the disputed facts as another part of the basis. And whether without those disputed facts relied on, he would have found a different sentence within the guidelines or looked at the overstated nature of the offense. This individual was just over Category 3. He had no violent felonies in his record. So with respect to, say, a gentleman that I have who has 41 criminal history points at the same age with violence as a felon in possession, this individual would not be in that category. Counsel, as a practical matter, what would you expect to happen if we remanded this case? I would expect that the court will consider all of the arguments and decide whether it wants to impose still the 37-month sentence, whether it wants to impose something within the 30 to 37 months, or whether it would consider the lower nature of the criminal history. Could the court just say, I misspoke? I intended to exclude the reference to citizenship in the justifications, and then that would resolve the issue. I think he would need to be resentenced. I think the better practice as the court in the original decision would be to delete those paragraphs because that's what caused the mischief here in the first place, and that was the relief requested. And he would have to be clear, because here we're clear, there's a clear contradiction, and we can't guess as to what his sentence would be. Thank you. Thank you, counsel. We'll give you one minute for rebuttal. Thank you. We'll hear from the government. Good morning. May it please the Court. Good morning, counsel. I'm Elizabeth Olsen White for the United States. We're here because of a sort of a curious comment that the district court judge made at the very end of the defendant's sentencing hearing, and I think it's important to put that statement into context and to look at everything that the court had said and done prior to making that statement. Now, as Judge Ikuda pointed out, the first thing, it's absolutely clear. The judge expressly acknowledged that there was a disputed fact about the defendant's citizenship, and it made a determination that it was not going to and did not need to resolve that factual dispute because that issue was not going to affect its sentencing decision. It specifically told its clerk to memorialize that decision and that order in the district court docket, which the clerk did. That's at docket entry 25. And it told its clerk to attach a copy of that determination and ruling to the pre-sentence report that was sent to the Bureau of Prisons. So far, so good. Entirely compliant with Rule 32. The court then went on and described, discussed, after resolving some questions about the advisory guideline range and some of the prior convictions, then discussed at length and in great detail the reasons for the sentence that it was imposing. The district court's explanation of reasons covers nearly five pages of the sentencing transcript. He talked about the seriousness of this offense itself. This defendant was found. He talked about his criminal history, the escalating nature of his criminal history, the offense itself, which the district court described several times as frightening. This defendant was found with a loaded semi-automatic pistol with a bullet in the chamber. When he was pulled over by police, he was the passenger in a car with methamphetamine on the driver. The judge said this was a very serious offense, frightening of what could have happened to these officers. And then he also discussed the defendant had argued that his criminal history category, he was in the highest criminal history category, 6. He said that that was overstated. And the judge discussed that and rejected that and said, I do not find this criminal history overstated, but even if I did, given the nature of this offense, if I were to lower the guideline range based on overstatement of criminal history, this is a case that would call for an upward variance to 37 months because of the nature of the offense, because of the escalating criminal history of this defendant. And then he says on pages 34 and 35, and for all of those reasons, I'm imposing a sentence of 37 months. So far so good. If the judge had stopped there, yeah. If the judge had stopped there, we wouldn't be here. We would not be here. And then the judge made this curious statement. And there's other justifications as well. I adopt and incorporate paragraphs 61 and 62 of the PSR. Now, the government argued and believes that that statement is ambiguous. And on its face, it's not. District court judges say that all the time. I mean, we've read scores of sentencing hearings or sentencing transcripts where at the end the judge adopts the PSR's justification. But in this case, the context creates or shows that there is an ambiguity here because the district court had already explicitly said and ruled and memorialized that it was not. But how does that fit into a Rule 22 analysis? Ambiguity. I mean, Rule 32. Yeah. Well, I think what happened here is that the judge fully complied with Rule 32, and then he made this statement. And what the defendant is asking this court to infer from that statement is that the judge changed his mind and decided that it wasn't going to comply with Rule 32, and it was going to base its sentence on a disputed question of fact that it had decided not to resolve. The government is arguing that by incorporating that paragraph, which contains the contested information, the judge went back on his word in essence. He said that wasn't going to make a difference to sentencing, but then he used it as one of the justifications for sentencing. That is the inference that the defense is asking this court to draw from that statement. It's pretty hard to avoid that inference, right? Well, I think that I actually think that that is the least plausible. I think the most plausible is that the judge simply misspoke or that there are, you know, those two paragraphs talk primarily about the defendant. They describe him as a Mexican citizen and talk about that. But there are other things, just a few. You know, that he's a 28-year-old in the highest criminal history category, ex-felon. He's used aliases in the past. It could be that the court was saying I'm adopting those comments in those paragraphs, of course, other than the ones that I had explicitly excluded. It seems like the whole thrust of those paragraphs are about his alleged alien status. I mean, if you look at 62, it says we recommend the maximum available period of supervised release for the reasons because he's an illegal alien. Exactly. You know, that's the whole thing. Yes. And that is primarily, not exclusively, but that is primarily what it says in those two paragraphs. And this is why, you know, what the defense is arguing here is that the judge changed his mind and made a mistake right at the very end. But they didn't ask for clarification. They didn't raise an objection. And so we're left to infer from this record what the judge could have meant. They rely on Houston, and there is case law in our circuit that if the defense has made an objection before the sentencing, they don't have to renew an objection afterwards. All of those cases that the defense relies on are cases where, I mean, it used to be the defense would make an objection, the judge would say overruled, and then the defense would have to say exception. I mean, would have to kind of, you know, sort of do that little procedural thing to preserve it. That's not the situation here. The defense said, Your Honor, you have to comply with Rule 32. And the judge said, okay, here's how I'm going to do it, and we move on. And then at the very end made a comment that can be interpreted as the judge changing his mind. Now, what the defense is saying is coming up on appeal and saying the judge made a mistake by changing his mind. But he never said to the district court, Judge Hicks, you're making a mistake. Are you making a mistake here? You're changing your mind. If he had sought that clarification, and this is why you say, you know, what would happen on remand. You know, if he had sought that clarification, Judge Hicks probably would have said, oh, I'm sorry, I misspoke. Yes, obviously, I've said that I'm not going to rely on that. Or maybe he would have said, well, you know, there are a couple of other things in those paragraphs, and that's what I'm talking about. So what would we do in a case where the violation is more blatant? If Judge Hicks had specifically said, I know I said I wasn't going to rely on alienage, but now I'm going to. That would be ‑‑ So how would we resolve that? What would be our ruling in that case? Well, that would be ‑‑ if that's all the judge said, if he said I'm not going to resolve the disputed factual issue, but I'm going to rely on it anyway, that's a violation of Rule 32, and that would require remand. If the judge said, you know, on second thought, I've decided that I do believe he's an illegal alien, and so I'm going to rely on that, then the defense would bring a different appeal. I mean, then they'd be appealing that factual determination that the judge made. But so why is this so different, though? Because in this case, because the judge clearly complied with Rule 32, gave a full explanation for the 37‑month sentence that it imposed, and then made this comment, the idea that the judge, by that comment, was indicating, without any explanation or discussion, that it was reversing its explicit ruling. And if you look at the docket, and there's no indication on the docket that that ruling and order that the judge ordered put on docket number 20 ‑‑ on Clerk's Order 25. You know, there's no indication. That hasn't been struck. That hasn't been reversed. I think that in this kind of case, if the defendant had said, wait a second, Your Honor. Can you explain that? Or, wait a second, Your Honor, we object to that because you've already ruled. It would have given the judge an opportunity to correct what was very likely just simply a mistake. So are you saying that our standard of review is for plain error? We do. It's plain error because the specific thing that they're objecting to here is the judge changing its mind. So if you were writing the decision in this case, you would say there was no violation of Rule 32 because the judge expressly decided that it wasn't going to determine that factual dispute, wasn't going to resolve that factual dispute, and memorialized it in the record, attached the order to the PSR, and the fact that he might have misspoken given that he had gone at such great length to explain the rationale for the 37-month ruling, the defendant can't show that any result would have been different. I will say, even under a harmless error, even if you were to consider this objection preserved, the harmless error standard says that defects or irregularities that don't affect substantial rights must be disregarded. And looking at this record as a whole, I mean Dominguez Benitez says you have to look at, you can't just look at those 17 words, you have to look at the record as a whole. If there's any doubt, I mean there's just simply no doubt that if this court, if this case gets remanded to Judge Hicks and we go through all the things, setting up a sentencing hearing, having Bureau of Prisons turn the defendant over to the marshals, fly him to Reno, get everybody together in a courtroom, Judge Hicks is going to come out and say that's not what I meant, I misspoke. And looking at the record as a whole, because that's clear, it's just not necessary to go through that. Any additional questions? All right. Mr. Kennedy, we'll give you one minute for rebuttal. It was not a mistake or simply misspoken. I made a mistake the other day when I said my client's 8 years old when really I meant to say he's 40. A mistake is Judge Rolison asking about Rule 22 rather than Rule 32. This is a contradiction. You had to point that out, huh? I did the same thing the other day. We all from time to time make a mistake, but words matter. We can't just say when the judge says I expressly adopt and incorporate the comments set forth in paragraph 61 and 62, we can't just say, hey, that doesn't matter. He doesn't mean what he's saying. And so this is a contradiction. And what contradictions do not create an ambiguity, they create error. And on this record, strict compliance with Rule 32 requires a remand. Thank you. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Hug, Rawlinson, Ikuta